UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI DeWILDE,

       Plaintiff,

v.

ORGILL, INC.,

       Defendant.

_____/

Case No. 11-13370

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT [20]**

This matter comes before the Court on Plaintiff's motion for leave to file a second amended complaint. Leave to amend under Fed. R. Civ. P. 15(a) is freely granted where justice so requires. For the reasons stated below, Plaintiff's motion is GRANTED. Defendant is to immediately file a Notice withdrawing its pending motion for summary judgment that addresses the claims asserted Plaintiff's first amended complaint, and may file a new motion for summary judgment addressing the negligence claims asserted in Plaintiff's second amended complaint.

**I.    Background**

Plaintiff filed this diversity action on August 3, 2011. Her first amended complaint was filed shortly thereafter (August 10, 2011). In it, she alleges that she was seriously injured while unpacking a pallet of products shipped to her employer, LumberJack Building Center, in Marine City, Michigan, by Defendant Orgill, Inc., that is in the business of selling wholesale hardware products as well as packaging, shipping and distributing them. Among

the products shipped is rebar, defined by Plaintiff as pieces of steel used for construction purposes that are typically six feet long and a half inch thick.  (Pl.'s Resp. to Def.'s Mot. for Summ. Judg. at 3.)

Plaintiff asserts two claims.  In Count I, she alleges that:

Defendant had a duty (1) to "package, stretch wrap, inspect, distribute, monitor and sell products" that were reasonably safe for their intended use, foreseeable misuses and to eliminate reasonable and foreseeable risk of harm;" that had reasonably feasible safety devices and mechanisms "and would prevent bystanders and/or those required to open their product from unreasonable risks of harm;" and (2) to warn and instruct "those who purchased their products . . . of the dangers" of unpackaging by placing "clear and conspicuous warning signs on the product itself."  (Pl.'s 1st Am. Compl. ¶ 7.)

Defendant breached the duty owed to her by negligently failing to properly package and/or place its products on a pallet, by failing to stack its products in a horizontal as opposed to vertical position, and by failing to warn.  (*Id.* at ¶ 8.)  As a result of Defendant's breach, Plaintiff was seriously injured.  (*Id.* at ¶¶ 9-10.)

In Count II, Plaintiff alleges that:

Defendant expressly and impliedly warranted that its product was not defective and was of merchantable quality and reasonably fit for the purposes, uses and misuses, either anticipated or reasonably foreseeable.  Specifically, that "the product was packaged, stretch wrapped, inspected, maintained, sold and/or distributed so as not to subject persons, such as Plaintiff, who are required to open said packaging, to unreasonable risks of harm and injury.  As a result of Defendant's breach of these warranties, Plaintiff was seriously injured.  (*Id.* at ¶¶ 6-11.)

2

Discovery closed on January 31, 2012, and this Court set a disposition motion cut-off date of March 1, 2012.

On February 29, 2012, Defendant filed a motion for summary judgment arguing that Plaintiff's claims, asserted under multiple theories of product liability, should be dismissed.

On March 14, 2012, before responding to Defendant's pending motion, Plaintiff filed the motion at issue here.

In her motion seeking leave to file a second amended complaint, Plaintiff argues that she needs to amend her complaint to abandon any product liability claims and allege solely an ordinary negligence claim so as to conform to the evidence disclosed in the March 8, 2012 depositions of Defendant employees, Bates Crabb and Jeff Hawkins.  (Pl.'s Mot. at 2, ¶¶ 4-5.)

Plaintiff's proposed second amended complaint no longer describes Defendant as a seller of products.  Rather, Defendant is now described as a packager/shipper/distributor of others' products to Plaintiff's employer.  The proposed amended complaint alleges only one Count that Plaintiff contends is based on a theory of ordinary negligence – that (1) Defendant owed her a duty of reasonable care in loading merchandise on a pallet, that it was foreseeable that shipping and receiving clerks like her would unload the package like she did; (2) that Defendant breached its duty when it loaded an assortment of goods, including rebar stacked vertically on the outer edges, and then covered it in stretch wrap, and failed to warn or instruct about dangers of unpacking; and (3) that Plaintiff was seriously injured and suffered damages as a result of Defendant's breach.

Defendant opposes Plaintiff's motion.  It argues that (1) Plaintiff's amendment is futile because, even as restated, Plaintiff's claim is properly construed as a product liability claim;

3

and (2) it would be unfair to allow Plaintiff, at this late date, to avoid the strong statutory defenses for product liability available under Michigan law and raised in its motion for summary judgment and to force Defendant to once again incur the expense of filing another motion for summary judgment that addresses Plaintiff's restatement of her claim as one of ordinary negligence.

## II.   Analysis

### A.  Rule 15(a) Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973))).

### B.  Leave to Amend Is Granted

First, contrary to Defendant's arguments here, futility is determined by examining whether Plaintiff's claim could survive a motion to dismiss, not a motion for summary judgment.  *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (observing that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.") (internal quotation marks and citation omitted).   Applying the relevant Rule 12(b)(6) standard, Plaintiff's second amended

4

complaint states a claim of negligence.  Second, as stated above, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Brooks*, 39 F.3d at 130.  Finally, as to undue prejudice, Defendant's arguments are not convincing.  Even though the Court is requiring Defendant to withdraw its pending motion for summary judgment, most of the work done in connection with that earlier motion, including its discussion and application of statutory defenses available under Michigan's product liability law, can be reasserted in its new motion.

## III.  Conclusion

For the above-stated reasons, Plaintiff's motion for leave to file a second amended complaint is GRANTED.  Defendant is to immediately file a Notice withdrawing its pending motion for summary judgment that addresses the claims asserted Plaintiff's first amended complaint and may file a new motion for summary judgment addressing the negligence claims asserted in Plaintiff's second amended complaint

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 10, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager